IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CLIFTON FREEMAN**                                                                                          **PLAINTIFF**

v.                                                                                  CIVIL ACTION NO. 2:25-cv-12-TBM-RPM

**COVINGTON COUNTY JUSTICE COURT,** *et al.*                                     **DEFENDANTS**

### ORDER DENYING PRELIMINARY INJUNCTION

Clifton Freeman filed a *pro se* civil rights suit in this Court pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights arising under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Freeman filed his Motion for Preliminary Injunction [3] on February 4, 2025, and then filed a Motion to Expedite Review [6] on February 10, 2025. Through his Motion for Preliminary Injunction [3], Freeman seeks to enjoin his criminal trial beginning on February 12, 2025, in Covington County Justice Court for driving under the influence and disorderly conduct. According to Freeman, "[w]ithout immediate injunctive relief, [he] will be forced to proceed to trial . . . without access to the necessary evidence and with inadequate time to prepare his defense." [3], p. 1. For the reasons discussed below, Freeman's Motion for Preliminary Injunction [3] is denied.

### I. BACKGROUND

Clifton Freeman was stopped at a roadblock on October 15, 2024, in Covington County, Mississippi. Freeman provided the Sherriff's Deputies with his identification and insurance, and "offered to submit to lawful chemical breath or blood analysis." [1], p. 2. But Freeman asserts that the Sherriff's Deputies instead "demanded Field Sobriety Tests." *Id.* According to Freeman, field sobriety tests "are not required under Mississippi law," so he refused to comply with their request.

*Id*. Upon refusal, the Sherriff's Deputies arrested Freeman for disorderly conduct and charged him with driving under the influence. *Id*.

Freeman claims that the Sherriff's Deputies "retaliated by unlawfully prolonging the stop, coercing the Plaintiff into exiting his vehicle under threat of force, and subsequently arresting him without probable cause." *Id*. Specifically, Freeman argues that the Sherriff's Deputies charged him with a DUI "without evidence of impairment." *Id*. As a result, Freeman asks this Court to "[i]ssue an injunction to halt further violations and order federal oversight of the Covington County Justice Court, Sheriff's Office, and the Board of Supervisors." *Id*. at p. 4. He also seeks compensatory damages of one million dollars, ten million dollars in punitive damages, as well as attorney fees and costs.

## II. PRELIMINARY INJUNCTION

A preliminary injunction may be issued only after notice to the adverse party. FED. R. CIV. P. 65(a)(1).[1] The party seeking a preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Indeed, "[w]hen a party moves for a temporary restraining order or preliminary injunction, the burden of proof is a heavy one." *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 788 (S.D. Miss. 2011); *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982) ("The plaintiff bears the burden of persuasion on all four elements."). To secure a preliminary injunction, the movant must show four elements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not issued; (3) that threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that granting the injunction will not disserve the public interest.

---

[1] Freeman attaches a certificate of service to his Motion, which identifies the Defendants' addresses and states that he mailed a copy of the Motion to all Defendants. [3], p. 4.

*Karaha Bodas Co., LLC v. Perusahaan, et al.*, 335 F.3d 357, 363 (5th Cir. 2003); *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984). The Court finds that Freeman cannot demonstrate a substantial likelihood of success on the merits because his claims for injunctive relief are barred by the *Younger* abstention doctrine. As a result, the Court need not consider the remaining three elements before finding his Motion for Preliminary Injunction should be denied. *La Union Del Pueblo Entero v. Federal Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010).

Under the *Younger* abstention doctrine, "federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004); *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).[2] "The *Younger* abstention doctrine is based on notions of comity and federalism, and prohibits federal judicial interference with pending state judicial proceedings where important state interests are involved and the plaintiff has or will have an opportunity to present his federal claims in the state proceedings." *All Am. Check Cashing, Inc. v. Corley*, 191 F. Supp. 3d 646, 654 (S.D. Miss. 2016) (citing *La. Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995)). Three conditions must be met for the doctrine to apply: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding;" (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716

---

[2] The doctrine does not apply to claims for monetary relief, however. *Saloom v. Tex. Dept. Of Fam. and Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (stating that "requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine"). "Even if *Younger* applies, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014).

(5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)).

The first *Younger* requirement is easily met, as it is clear from the record that "the state proceeding was pending at the time the federal action was instituted." *Rickhoff v. Willing*, 457 F. App'x 355, 359 (5th Cir. 2012) (citing *Pennzoil v. Texaco*, 481 U.S. 1, 17, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)). Indeed, Freeman asserts that the state proceeding was initiated upon his arrest on October 15, 2024. As of February 4, 2025, when this suit was filed, his state court criminal case was still pending, and is set for trial tomorrow, February 12, 2025. This dispute therefore involves an "ongoing state judicial proceeding." *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). And granting Freeman's Motion for Preliminary Injunction would certainly "interfere with pending state proceedings." *All Am. Check Cashing, Inc. v. Corley*, 191 F. Supp. 3d at 654. Freeman's state court criminal proceeding also implicates an important state interest because "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain*, 731 F.2d at 1177. As a result, the second *Younger* requirement is also met.

To satisfy the third *Younger* requirement, the Court must be able to find that Freeman will have an adequate opportunity in the state proceeding to raise his constitutional challenges. *Rickhoff*, 457 F. App'x at 359 (citation omitted); *DeSpain*, 731 F.2d at 1178 (stating that "[t]he operation of the *Younger* doctrine is dependent upon the ability of the state courts to provide an adequate remedy for the violation of federal rights."). The Supreme Court has held that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975). As a result, federal courts "should assume that state court procedures will afford an

adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co., Inc.*, 481 U.S. at 15. Because Freeman has not alleged any facts showing that he will be barred from raising his constitutional concerns in the state court proceedings, the third *Younger* requirement is met. *See Blakely v. Andrade*, 360 F. Supp. 3d 453, 467 (N.D. Tex. 2019) (finding third *Younger* requirement met when plaintiff failed to present evidence that he would not have an adequate opportunity to raise his constitutional challenges in state court).

Since all three *Younger* requirements are met, this Court "may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply." *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). Although not expressly raised, Freeman's allegations of retaliation by the Sherriff's Deputies "may be liberally construed as invoking the bad faith exception to the *Younger* abstention doctrine." *Thomas v. State*, 294 F. Supp. 3d 576, 595 (N.D. Tex. Feb. 13, 2018); *May v. N. Texas State Hosp.*, 351 F. App'x 879, 880 (5th Cir. 2009) (liberally construing *pro se* plaintiff's pleadings).

The Fifth Circuit has held that "[t]he bad faith exception is narrow and is to be granted parsimoniously." *Wightman v. Texas Supreme Court*, 84 F.3d 188, 190 (5th Cir. 1996) (citation omitted). Freeman has the heavy burden to prove the exception applies. *See Hensler v. Dist. Four Grievance Comm.*, 790 F.2d 390, 391-92 (5th Cir. 1986) (holding that court should not enjoin state court proceeding without "allegations and proof of bad faith."); *McNatt v. Texas*, 37 F.3d 629 (5th Cir. 1994) (holding that "[t]he bad faith exception to *Younger* is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions."). The bad faith exception applies when:

> (1) the plaintiff establishes that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and that the state's bringing of the

5

criminal prosecution was motivated, at least in part, by a purpose to retaliate for or to deter that conduct; and (2) the state fails to show by a preponderance of the evidence that it would have decided to prosecute even had the impermissible purpose not been considered.

*Jordan v. Reis*, 169 F. Supp. 2d 664, 669 (S.D. Tex. 2001) (citing *Wilson v. Thompson*, 593 F.2d 1375, 1382–83 (5th Cir. 1979)).

Here, Freeman offers mere conclusory allegations that the Defendants retaliated against him "for exercising his rights." [3], p. 2. But "more than this allegation is required. He must offer some proof." *Wightman*, 84 F.3d at 191. Freeman fails to do so, as he "has pled no facts to support his conclusion." *Id.*; *see also All American Check Cashing, Inc.*, 191 F. Supp. 3d at 660-61 (finding while plaintiff "identified several circumstances which it contends reflect a bad faith motive . . . it has not argued, much less undertaken to prove, that the Department instituted and conducted its investigation to retaliate for or to deter constitutionally protected conduct."). Without more, Freeman has not met his burden to show that the bad faith exception to the *Younger* abstention doctrine applies. *Id.*; *Blakely*, 360 F. Supp. 3d at 469 (finding conclusory allegations failed to support application of the bad faith exception); *Wightman-Cervantes v. Texas*, No. 3-03-cv-3025-D, 2004 2512208, *4 (N.D. Tex. Nov. 5, 2004) (finding bad faith exception did not apply when plaintiff provided mere conclusory and "unsubstantiated accusations").

For all of these reasons, the Court concludes that the requirements for *Younger* abstention are met and that no exception applies. Therefore, Freeman has not shown a substantial likelihood of success on the merits as required to succeed under the first element of the preliminary injunction test. *All American Check Cashing, Inc.*, 191 F. Supp. 3d at 658. Freeman's claims for a preliminary injunction must be denied. *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014).

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Clifton Freeman's Motion for Preliminary Injunction [3] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Clifton Freeman's claims for damages are STAYED pending the outcome of the state court proceedings.

IT IS FURTHER ORDERED AND ADJUDGED that Clifton Freeman's Motion for Expedited Review [6] is GRANTED.

This, the 11th day of February, 2025.

                                                                         TAYLOR B. McNEEL
                                                                         UNITED STATES DISTRICT JUDGE